[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION-ON DEFENDANTS' PARTIAL MOTION TO DISMISS
The facts alleged in the plaintiff's complaint are known to the parties and need not be reiterated here.
The defendants move to dismiss counts three and four of the plaintiff's complaint on the ground that the court lacks jurisdiction for two reasons. First, the defendants claim that the court lacks jurisdiction because the plaintiff is time barred from bringing the claims in counts three and four. Second, they claim that the court lacks jurisdiction because the plaintiff failed to exhaust her administrative remedies before bringing the claims alleged in those counts. CT Page 8383
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 142; Knipple v. Viking Communications, 236 Conn. 602,604 n. 3. The defendants filed the present motion twenty-six days after an appearance was filed by the attorney general on their behalf in accordance with General Statutes § 19a-24. Such a motion essentially asserts that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacci v. Mayer, 218 Conn. 531,544.
Both counts three and four of the complaint charge the defendants with violations of General Statutes § 31-51m.
The defendants argue that General Statutes § 31-51m[1] does not provide an exception to the doctrine of sovereign immunity in this case because the plaintiff failed to plead facts clearly demonstrating that her action was filed within the ninety day time period provided by the statute.
It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases . . . and that since the state can act only through its officers and agents a suit against a state officer is in effect one against the sovereign state. White v. Burns, 213 Conn. 307,312. The state cannot be sued without its consent. Barde v.Board of Trustees, 207 Conn. 59, 64.
General Statutes § 31-51m protects employees who disclose an employer's illegal activities or unethical practices and permits them to bring a civil action within certain time limits. See Footnote 1, supra.
The plaintiff pleads facts that allege a continuing course of conduct which the plaintiff characterizes as conduct designed to discipline or otherwise penalize her for reporting perceived abuses in March and again in October, 1994. The plaintiff pleads facts to support her contention that a violation of General Statutes § 31-51m (b) began following the March, 1994 occurrence and continued past March 29, 1996, the date on which she filed her complaint. CT Page 8384
Thus the court cannot find as a matter of law that it lacks jurisdiction over counts three and four for failure of the plaintiff to comply with the requirements of § 31-51m.
Next, the defendants claim that the plaintiff failed to exhaust her administrative remedies prior to bringing these claims under § 31-51m.
The general rule is that if an adequate administrative remedy exists, it must be exhausted but, "like any other rule, the rule of exhaustion of administrative remedies is subject to some exceptions . . . ." Cummings v. Tripp, 204 Conn. 67,81. Such exceptions include circumstances where the available relief is inadequate or futile. O G Industries, Inc. v.Planning Zoning Commission, 232 Conn. 419, 426.
If the facts alleged by the plaintiff regarding repetitive instances of retaliatory conduct are true, it clearly would have been futile for the plaintiff to attempt to exhaust her administrative remedies under General Statutes §5-202 as suggested by the defendants.
The court notes that the facts alleged in the plaintiff's complaint fail to be covered in their entirety by General Statutes § 5-202. Although she did receive an unsatisfactory performance evaluation, she does not complain of being demoted, suspended or dismissed, nor does she claim to be aggrieved by alleged discrimination, an unsafe or unhealthy work environment, or violations involving the interpretation and application of a specific state personnel statute, regulation or rule. See General Statutes § 5-202 (a). The plaintiff did not plead facts which would bring her grievances under the provisions of General Statutes § 5-202. The court finds that the Plaintiff's claims in counts three and four arise under General Statutes § 31-51m(b) and that under the circumstances set forth in her complaint she was not required to exhaust administrative remedies.
For the reasons set forth above, the defendants' motion to dismiss counts three and four of the plaintiff's complaint is denied as to both counts.
Barry, J.